```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


ROBERT PETERSON,                :
a/k/a                           :
Parrish Chandler,               :
                                :   Civil Action No. 10-6477 (JBS)
            Plaintiff,          :
                                :
       v.                       :   MEMORANDUM OPINION
                                :
JOSEPH BONDISKEY, et al.,       :
                                :
            Defendants.         :
```

**APPEARANCES:**

Plaintiff pro se
Robert Peterson
a/k/a Parrish Chandler
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE**, District Judge

Plaintiff Robert Peterson, a prisoner confined at Atlantic County Justice Facility in Mays Landing, New Jersey, seeks to bring this civil action in forma pauperis, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.

Civil actions brought in forma pauperis are governed by 28 U.S.C. § 1915.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-135, 110 Stat. 1321 (April 26, 1996) (the "PLRA"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the PLRA, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each prison at which he was or is confined. Id.

Even if the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the $350 filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20 % of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from

such relief.  28 U.S.C. § 1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (dismissal of prisoner actions brought with respect to prison conditions).  If the Court dismisses the case for any of these reasons, the PLRA does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action in forma pauperis unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

In this action, Plaintiff failed to submit a complete in forma pauperis application as required by 28 U.S.C. § 1915(a)(1), (2), including a certified account statement.  See, e.g., Tyson v. Youth Ventures, L.L.C., 42 Fed.Appx. 221 (10th Cir. 2002); Johnson v. United States, 79 Fed.Cl. 769 (2007).  More specifically, Plaintiff failed to submit a certified institutional account statement, as required by statute.

In addition, Plaintiff used an out-of-date form of complaint and application for leave to proceed in forma pauperis, which incorrectly states that the filing fee is only $120.

The allegations of the Complaint do not suggest that Plaintiff is in imminent danger of serious physical injury.

In addition, the Court notes that, in response to Question 1 of the form Complaint, regarding previous federal lawsuits, Plaintiff refers only to Peterson v. Korobellis, Civil No. 09-6571. To the contrary, it appears to this Court that Plaintiff has filed at least three other federal actions. See, e.g., Peterson v. Cape May County Correctional Center, Civil No. 10-0891; Peterson v. Herlihy, Civil No. 10-4756; and Peterson v. Rinkus, Civil No. 10-5316. Plaintiff's failure to provide accurate information regarding his previous lawsuits has compelled this Court to conduct its own research with respect to previous federal lawsuits.

Under certain circumstances, a federal court may dismiss a "malicious" civil action. See, e.g., 28 U.S.C. § 1915(e) (cases filed by persons who have been granted leave to proceed in forma pauperis); 28 U.S.C. § 1915A(b) (cases in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

A complaint is "malicious" when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits, or it contains disrespectful or abusive language. See, e.g., In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981), cert. denied, 450 U.S. 985 (1981). Thus, a complaint is malicious under the referenced statutes if it is repetitive or evidences an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases.

Moreover, it is well established that a court may dismiss a complaint as "malicious" if it seeks to relitigate a previously-litigated claim or if the complaint contains misrepresentations about the plaintiff's other litigation. See, e.g., Nelson v. Paine Webber Corp., Civil No. 09-315, 2010 WL 1028724 (N.D. Fla. March 18, 2010); Hall v. Rahangdale, Civil No. 09-283, 2009 WL 3028219 (N.D. Fla. Sept. 15, 2009); Marshall v. Florida Dept. of Corrections, Civil No. 08-417, 2009 WL 2351723 (N.D. Fla. July 29, 2009); Williams v. Baxter, Civil No. 08-93, 2008 WL 3049995 (N.D. Fla. July 30, 2008); Starks v. Tanner, Civil No. 06-699, 2006 WL 3210147 (S.D. Ill. 2006); Marshall v. City of Mesquite, Civil No. 03-1508, 2003 WL 21673655 (N.D. Texas 2003)(Report and Recommendation adopted and case dismissed as malicious); Pittman

v. Moore, 980 F.2d 994 (5th Cir. 1993) Wilson v. Lynaugh, 878 F.2d 846 (5th Cir.), cert. denied, 493 U.S. 969 (1989).

Dismissal of a complaint as "malicious" counts as a "strike" under 28 U.S.C. § 1915(g); the accumulation of three such "strikes" may prevent a prisoner from proceeding in forma pauperis in the future.  Similarly, a federal court has discretionary authority to deny in forma pauperis status based on a prisoner's history of abuse of the privilege, even in the absence of the accumulation of three "strikes."  See, e.g., In re McDonald, 489 U.S. 180 (1989); Mitchell v. Federal Bureau of Prisons, 587 F.3d 415 (D.C. Cir. 2009).

Accordingly, Plaintiff's misrepresentations about his prior litigation provide an alternative ground to deny Plaintiff leave to proceed in forma pauperis in this action.  Plaintiff will be required, if he wishes to move to re-open this litigation, to provide the Court with complete information regarding his previous state and federal lawsuits.

## CONCLUSION

For the reasons set forth above, Plaintiff's application for leave to proceed in forma pauperis will be denied without prejudice and the Clerk of the Court will be ordered to administratively terminate this action, without filing the

complaint or assessing a filing fee.  Plaintiff will be granted leave to move to re-open within 30 days.[1]

An appropriate Order will be entered.


                                    s/ Jerome B. Simandle
                                    Jerome B. Simandle
                                    United States District Judge

Dated:  **January 21, 2011**

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is reopened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally filed timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995).